FILED
2009 Sep-29 PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) SUMMER CLASSICS, INC. ) ) Defendant. ) ) | CIVIL ACTION NO. COMPLAINT WITH JURY DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Larry Lowe[1] who was adversely affected by such practices. The Commission alleges that Defendant terminated Mr. Lowe after learning that he was HIV positive, in violation of 42 U.S.C. §12112(a), and because Mr. Lowe refused to respond to Defendant's illegal inquiries about his medical condition, in violation of 42 U.S.C. §12112(d)(4)(A).

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(a) and (3) of Title VII of the Civil Rights Act of 1964, s

---

[1] The Commission will be utilizing a pseudonym in this case whenever referring to the individual who was harmed by Defendant so as to protect his confidentiality and the confidentiality of his medical information.

amended, 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4.      At all relevant times, Defendant, Summer Classics, Inc., (the "Employer") has continuously been a corporation doing business in the State of Alabama, the City of Montevallo, and has continuously had at least fifteen employees. It is engaged in the business of manufacturing outdoor furniture.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Larry Lowe filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all times relevant to the events alleged in this complaint Larry Lowe was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of his job for Defendant.

9. Larry Lowe is a qualified individual with a disability under 42 U.S.C. §12102(2). Mr. Lowe has been diagnosed as being HIV positive.

10. Defendant erroneously regarded Mr. Lowe as substantially limited in one or more major life activities and terminated him because of myths, fears and stereotypes associated with his physical condition.

11. Larry Lowe began working for Defendant in August 2006 in the Boxing area. His duties include constructing cardboard boxes, filling the boxes with cushions, closing the boxes and moving them to the shipping area.

12. In December 2006, Mr. Lowe required treatment for a non-disability related illness. This treatment required Mr. Lowe to be off work for a period of time.

13. Mr. Lowe's treating physician originally authorized him to return to work on January 3, 2007. However, the treatment which he received aggravated other conditions associated with his HIV status, making it impossible for him to return on January 3, 2007.

14. Mr. Lowe advised his employer that due to being HIV positive he would need a few more days off before he could return to work.

15. In response Defendant advised Mr. Lowe that he would not be permitted to return to work without a medical release from his doctor regarding his HIV status.

16. In response to Defendant's request Mr. Lowe returned to his treating physician and obtained a return to work authorization without restrictions, allowing him to return to work on January 17, 2007.

17. This return to work authorization stated that Mr. Lowe "has no illness imposed limitations which will impact his occupational duties. He has been HIV positive and unless someone has unprotected sex with him there is <u>NO</u> probability he will pose a risk to anyone in the workplace."

18. Mr. Lowe delivered this return to work authorization to Defendant. Defendant refused to accept the work authorization. Instead Defendant placed Mr. Lowe on paid administrative leave and advised him that he would not be reinstated until he had a complete fitness for duty examination and released his medical records from the primary physician treating him for the HIV condition.

19. Mr. Lowe attempted to have his HIV-physician produce his medical records for his employer. However, the physician refused to provide the records, contending that it was illegal for Mr. Lowe's employer to require his medical records as a condition of continued employment.

20. Mr. Lowe explained to the Defendant that his HIV-physician would not produce the medical records for it. In response Defendant told Mr. Lowe that it had no option but to terminate him.

21.     Defendant terminated Mr. Lowe because of his disability, in violation of 42 U.S.C. §12112(a); and for failing to submit to a fitness-for-duty examination and for not releasing his medical records to the Defendant, in violation of 42 U.S.C. §12112(d)(4)(A).

22.     The unlawful practices complained of above were intentional.

23.     Defendant Employer at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Larry Lowe, in violation of the ADA, 42 U.S.C. §12101 et seq.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against Mr. Lowe because of his disability.

B.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a training program to train its managers, supervisors and employees on preventing and avoiding disability discrimination in the workplace.

C.      Order Defendant Employer to develop a "Zero Tolerance" policy against disability discrimination.

D.      Grant a judgment requiring the Defendant Employer to make whole Larry Lowe by providing appropriate back wages with prejudgment interest in amounts to be determined at

trial, and by granting other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.   Order Defendant Employer to make whole Larry Lowe by providing compensation for pecuniary and non-pecuniary losses, including but not limited to damages for embarrassment, humiliation and injury to dignity, in amounts to be proven at trial.

F.   Order Defendant Employer to pay Larry Lowe punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

_____
C. Emanuel Smith (MS 7473)
Regional Attorney

_____
Julie Bean (DC 433292)
Supervisory Trial Attorney

_____
Eunice Morrow (ASB-5267-O64e)
Senior Trial Attorney

*/s/ Charles Guerrier*
Charles E. Guerrier (OH 0023546)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2065
Fac.: (205) 212-2041