```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY  }
COMMISSION,                   }
                              }
     Plaintiff,               }    CIVIL ACTION NO.
v.                            }    09-AR-1926-S
                              }
SUMMER CLASSICS, INC.,        }
                              }
     Defendant.               }
```

**MEMORANDUM OPINION**

Because plaintiff, Equal Employment Opportunity Commission ("EEOC"), has timely filed objections to the report and recommendation submitted by the magistrate judge to whom the above-entitled case was originally assigned, the district court is obligated to evaluate the controversy *de novo*. The court has now performed that not inconsiderable task. The court ends in total agreement with the magistrate judge. But, because EEOC so vigorously insists that there is no time bar, suggesting that this case may become a test case involving the unique question presented, the court will SUPPLEMENT the magistrate judge's report and recommendation as follows. Meanwhile, EEOC's objections are OVERRULED, and the report and recommendation ADOPTED.

The adverse employment decision of which EEOC complains occurred on September 23, 2007. The individual who brought the matter to EEOC's attention did so on July 21, 2007. On that date he filed with the EEOC an "Intake Questionnaire", employing the form furnished by EEOC for that purpose. This occurred within 180

days after the act of defendant, Summer Classics, Inc. that allegedly violated the Americans with Disabilities Act. The "Intake Questionnaire" began with the following clear words of warning from EEOC:

> Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission "EEOC"). **REMEMBER,** *a charge of employment discrimination* must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attached additional pages if needed to complete your responses(s). Incomplete responses may delay further processing of your questionnaire by EEOC.  If you do not know the answer to a question, answer by stating "not known."  If a question is not applicable, write "n/a."**

(emphasis in original, except that the words "charge of discrimination" are italicized). The fact that the word "charge" prominently appears in the "Intake Questionnaire" shows that a sharp distinction exists between an "Intake Questionnaire" and a "Charge of Discrimination". The actual "charge" must, as EEOC warns, be filed within 180 days of the act complained of. This 180 days expired on August 21, 2007. A "Charge of Discrimination", using EEOC's Form 5, was not received by EEOC until September 5, 2007. Peculiarly, the record contains no copy of the actual "Charge of Discrimination", although there is no dispute about the fact that the completed Form 5 was not received by EEOC until September 5, 2007.

    Although the court has not been furnished a copy of the Form 5 as actually filed in this case, this court, from long experience,

takes judicial notice of the pertinent language of Form 5.  The first and most important words appear in the upper lefthand corner.  A prominent block contains the capitalized words "CHARGE OF DISCRIMINATION".  Of lesser significance, but entirely consistent with the caption, is a place in Form 5 for the complainant to "swear and affirm the above **charge** is true to the best of my knowledge information and belief."  (emphasis added).  The "Intake Questionnaire" conspicuously refers to the "**charge**" as being a future occurrence.  A "**charge**" can be amended, but it is distinct from an "Intake Questionnaire", which perhaps also can be amended, but cannot be treated as a "Charge of Discrimination".

EEOC is like any other litigant.  It cannot make up special procedural or substantive rules for itself to suit its circumstances.  On July 21, 2007, on August 8, 2007, on August 21, 2007, and on September 5, 2007, 29 C.F.R. § 1601.12, a regulation promulgated by EEOC, was in effect.  This rule first sets forth what must be contained in a "**charge**".  It then proceeds to provide some leeway to the complaining party to amend or elaborate the "**charge**".  However, the rule never, either expressly or impliedly, suggests that an "Intake Questionnaire" is, or can be, a substitute for a "Charge of Discrimination".  A "**charge**" can be amended, but there must first be a "**charge**" to be amended.

It is undisputed that on August 8, 2007, EEOC mailed the following letter to the complaining party:

```
Dear REDACTED

We received your correspondence and accordingly, we have
drafted a charge.  We cover discrimination based on race,
color, sex, age, religion, national origin, retaliation,
and disability.

Please date and sign each copy of the Charge of
Discrimination in the lower left hand corner indicated by
the X marks and return to the undersigned within 30 days
of the date of this letter.  If the executed charge is
not returned with this time, the charge will be
administratively closed in accordance with our procedural
regulations and no further action will be taken.

                         Sincerely,


                         s/
                         Ruby Morris
                         Investigative Support Assistant
```

(emphasis on words "within 30 days" in original, other emphasis added).

This letter was obviously written in response to "correspondence" from the complaining party. The complaining party's said correspondence is not in the record. It is impossible to tell the exact date upon which EEOC received the correspondence to which it responded on August 8, 2007. If a "**Charge of Discrimination**" had been received on September 5, 2007, it would, of course, have been timely. On August 8, 2007, EEOC enclosed to complainant copies of Form 5, as "**drafted**" by EEOC, for the signature of the complaining party. (emphasis added). EEOC's letter of August 8, 2007, is unequivocal. Although mistaken, it makes clear that the complaining party must sign and return the "Charge of

Discrimination" "**within 30 days**" (emphasis in original). September 5, 2007, the date of receipt by EEOC, was within 30 days of the erroneous date provided by EEOC in its August 8, 2007 letter, but it was after August 21, 2007, the date upon which the 180 days expired. The complaining party, arguing now through EEOC, followed the advice of EEOC, and overlooked or ignored the clear requirements of the applicable federal statute, which plainly requires a "charge" to be filed within 180 days of the adverse employment decision.

If an error like this, made by EEOC, and then by its client, can be forgiven or overlooked, and can provoke an extension of the 180-day deadline, then any and every "Intake Questionnaire" can be readily transmogrified into, or treated as, a "Charge", and Form 5 can be dispensed with entirely.  The fact that EEOC may have inadvertently mislead the complaining party provides no escape from a statute of limitations that is clear and absolute.  Would EEOC have filed this suit if complainant's Form 5 had not been received by it within the demanded 30 days after August 8, 2007?  Would EEOC have filed this suit if its letter of August 8, 2007, had erroneously said "90 days" instead of erroneously said "30 days" and complainant had complied on the 89th day?  EEOC understandably may feel some obligation to complainant, but it asks for too much. Its error is attributable to its client.

The magistrate judge baked a solid cake.  The district court will be forgiven for adding a bit of frosting.

An appropriate order will be entered separately.

DONE this 5th day of July, 2011.

                                                            _____
                                                            WILLIAM M. ACKER, JR.
                                                            UNITED STATES DISTRICT JUDGE